UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14096-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAVINDRANAUTH ROOPNARINE,

    Defendant.
_____/

FILED by _____ D.C.
AUG - 5 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES AND EXPENSES [VOUCHER #113C-0001086]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher of Ms. Golder, her letter of explanation attached thereto as well as the time records and other documentation, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    The CJA Voucher seeks reimbursement of 28.90 hours of in-court time totaling $3,728.10. The voucher seeks reimbursement of out-of-court time of 212.20 hours totaling $27,312.00. Therefore, the total amount of attorney's fees sought is $31,040.10 which exceeds the statutory cap of $10,000.00. Ms. Golder also seeks reimbursement of costs and travel expenses in the total amount of $3,116.22 and has provided substantiating documentation for those expenses. The CJA Administrator has adjusted the amount of costs and expenses as set forth on the face of the voucher submitted by counsel for the Defendant to be $2,871.10. Therefore, after adjustment by the CJA Administrator, Ms. Golder is seeking fees and costs totaling $33,911.20.

2. Ms. Golder attaches a letter of explanation to the Court explaining why her voucher exceeds the statutory cap. This Court has reviewed the voucher, the attachments, as well as her letter. Representation by Ms. Golder began in 2015 and culminated only recently in the conviction of the Defendant after a jury trial. Thereafter there was a sentencing hearing held in Miami. Ms. Golder's voucher now is submitted for the entire time that she was representing the Defendant in this case. This Court has meticulously reviewed the tasks performed and the amount of time Ms. Golder devoted to each task. While the amount of attorney's fees sought in this case is well over the statutory limit, this Court cannot find anything that Ms. Golder did which justifies any reduction. There are no tasks performed nor time devoted to a particular task which this Court can independently determine were either unnecessary or excessive in nature.

3. This is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Additionally, it is not necessary for this Court to conduct an evidentiary hearing since this Court conducted all of the pretrial proceedings and is otherwise very familiar with the case.

4. The attorney's fees sought by Ms. Golder exceed the statutory cap of $10,000.00 as recently adjusted in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether there is sufficient justification to waive or exceed that statutory cap. In doing so, this Court must determine if the matter was "extended" or "complex" as defined in the statute and the applicable case law.

5. The underlying charges against the Defendant were of a very serious nature and do result in the case being classified as "complex" and/or "extended" as defined in the case law which this Court must follow. Further, this Court understands that there was

extensive pretrial discovery in this matter based upon the nature of the charges and an extended jury trial. There was also an issue concerning restitution which could not be resolved by the parties and that matter had to be presented at sentencing as well.

6. This Court remains guided by the definitions previously established concerning what is considered to be "complex" or "extended." An "extended" case is one requiring more time than normal under similar facts and circumstances. A "complex" case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than a normal case. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

7. This Court finds that this matter was extended or complex based upon the extended nature of the matters surrounding the entirety of the case. Therefore, this Court finds that this case does qualify as being extended or complex as set forth in the guidelines referenced by the Court.

8. As always, this Court appreciates the willingness of Ms. Golder and other competent counsel to offer their services to the Court for appointment under the Criminal Justice Act when there is conflict with the Federal Public Defender. In reviewing CJA vouchers, this Court must perform a gatekeeper function to balance the entitlement of a particular defendant to competent representation and the ability of the court appointed counsel to be fully compensated. This Court must balance the right of court appointed counsel to receive adequate compensation for such representation to an indigent defendant, fully mindful that there are limited CJA funds available in this District and nationwide for payment of such services. Congress has seen fit to reduce the amounts of funds for defender services nationwide over the past several years, including funds for

payment of Criminal Justice Act conflict counsel. This Court must make certain that defense counsel is adequately compensated, even if it does not represent full compensation for services rendered. Additionally, this Court must make certain that such amounts exceeding the statutory cap as requested herein by Ms. Golder are not paid unless there is sufficient justification under the applicable case law and statutory framework which governs this Court's review of such matters.

9. If this Court, and other courts, did not provide this gatekeeper function, the impact on the availability of CJA funds to indigent defendants in the future would be much more severe than it is under the present budgetary constraints.

10. This Court chooses to not reduce the amount sought by Ms. Golder. She is entitled to attorney's fees in excess of the statutory cap of $10,000. As a result of the foregoing findings, Ms. Golder's recovery of attorney's fees and expenses shall be the amount requested and adjusted by the CJA Administrator on the face of the CJA Voucher in the total amount of $33,911.20.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #113C-0001086 be **GRANTED** and that Ms. Golder be awarded the total sum of $33,911.20 as reasonable attorney's fees and expenses.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 5th day of August, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

                                                                   _____
                                                                   FRANK J. LYNCH, JR.
                                                                   UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Randee J. Golder, Esq.
Jean Vera, Court Reporter Coordinator/CJA Deputy Clerk